Haywood, J.
delivered the opinion of himself and of Judge Peck.
This was an action brought by the indorsee against Nichol, as the in-dorser of a note payable at the branch bank of the State of Tennessee, at Nashville. The protest and notice were established by the notarial books of a deceased notary, Washington Perkins, as in the other cases which in this term have been decided to be sufficient, which differed in nothing material from the books introduced in those cases. The note was drawn by Thomas H. Fletcher, under a power of attorney in these words: “ I, John Nichol, of the county of Davidson, in the State of Tennessee, do hereby authorize and empower Thomas H. Fletcher, in my name and behalf, to sign and indorse notes payable and negotiable in the Branch Bank of the State of Tennessee, at Nashville, as well for discount as for collection, and also to check for all moneys which may be deposited therein to my credit, from time to time, until this authority shall be revoked at said bank.”
Fletcher, the attorney, having purchased a quantity of tobacco from Green, shipped the same on his own account, and drew and indorsed the note in question, under the power, and delivered it to Green, the seller of the tobacco. - And the main question is whether he was authorized, as the attorney of Nichol, to indorse this note under the above circumstances, for his own benefit.
A power or authority given to do all business of a particular kind, includes all incidental powers, without which the main business could not be completed ; but it cannot be extended to embrace objects and powers to accomplish them, not within the natural extent of the terms used ; “in my name and behalf” signifies something more than in my name alone; the latter words, in my behalf, have a distinct and separate meaning, and are restrictive, and, combined.in the same view with “check for all moneys deposited to my credit,” confines the operations of the agent to that which is due in relation to the business of him who gave the power. To put the construction upon it that power is given to the agent to bind his principal in all cases, and in any amount he pleases, for the benefit of the agent himself, and to the prejudice of the giver of such-power, is to raise one which is too perilous and improbable to be inferred from implication, unless it be *228 an inevitable implication. It cannot be supposed that a power so affecting in its consequences would be conceived but in plain and explicit terms. What motive could induce a want of particularity on such an occasion but the absence of intention to confer it ? Here, so far from appearing on the face of the instrument an authority so unlimited, that words are inserted which cannot be otherwise than of restrictive import. He who gives credit under the power ought to inspect it beforehand, and if it be not clear, or otherwise doubtful, he should not run the risk of contracting under it. I cannot believe that this power meant to enable the agent to purchase tobacco and other things for his own benefit, and to any amount he pleased; or that he could indorse for such purpose the note in question. And this defect of power for such purpose was, or should have been, known to the in-dorsee. The judgment therefore of the Circuit Court should be reversed; and of the same opinion was Judge Peck, Judge Whyte not sitting in the cause, and Judge Brown being of a different opinion. Judgment of reversal was ordered to be entered; but at the earnest and pressing application of some of the bar, who were concerned in the question in other actions, Judge Peck was willing to suspend judgment till next term. Judge Haywood said he was perfectly satisfied that the judgment was right, and that he had heard nothing against it but the dissatisfaction of counsel, without authorities, which alone he did not think it right should prevail; but since one judge disagreed, and the other was willing to hear further argument, he would not oppose his opinion to that of the other two, and judgment was. ordered to stand suspended until next term.